Pickel v. Pickel.

---

## ELLA M. PICKEL, Appellant, v. WILLIAM PICKEL et al.

### Division Two, June 23, 1914.

1. **APPEAL: Order Functus Officio.** It is useless to reverse or modify an order or judgment which has by its own terms expired.

2. **————: ————: From Order Modifying Judgment: Ancillary Matter.** Where plaintiff brought an equity suit to set aside a transfer of stock from one defendant to another, upon which execution had been levied to pay an existing judgment in her favor, and in aid of that suit asked for and obtained on injunction prohibiting a sale or transfer of the stock pending the equity suit, and having recovered judgment and defendants having appealed and given a sufficient bond, and the said judgment having been affirmed on appeal, an order of the circuit court, made after defendants had appealed and given bond, by which so much of the judgment as enjoined the sale and transfer of the stock was suspended during the appeal, is dead by its own terms, and hence an appeal from that order will be dismissed.

Appeal from St. Louis City Circuit Court.—*Hon. Daniel D. Fisher,* Judge.

APPEAL DISMISSED.

*Randolph Laughlin* for appellant.

*Barclay, Fauntleroy, Cullen & Orthwein* for respondents.

BROWN, J.—This appeal relates to a cause which has twice been before us. [Pickel v. Pickel et al., 243 Mo. 641 and 251 Mo. 197.] The particular appeal now under consideration was granted to the St. Louis Court of Appeals, and by that court transferred here on the ground that it involved an amount in excess of $7500.

Plaintiff (appellant) is the wife of defendant Frederick J. Pickel, and said Frederick J. Pickel is the son of his co-defendant William Pickel. During the year 1910 plaintiff obtained a judgment in the circuit court of St. Louis City against her husband, Frederick J. Pickel, for maintenance. In the same year she also obtained a judgment against said last-named defendant for legal expenditures incurred in defending an unsuccessful divorce suit. To collect the judgments thus obtained she sued out executions and caused the same to be levied upon certain corporate stock supposed by her to belong to defendant Frederick J. Pickel. Defendant William Pickel having filed with the sheriff a claim to said corporate stock, as provided by statute, plaintiff, on March 16, 1911, instituted in the circuit court of St. Louis City an action in equity to set aside as fraudulent the transfers of corporate stock from defendant Frederick J. Pickel to his co-defendant William Pickel. By a stipulation filed in the equity suit the trial court was given jurisdiction to determine in that action the status and title of the corporate stock upon which plaintiff had caused executions to be levied.

In the equity suit before mentioned the plaintiff had judgment, which decree enjoined the sale of the corporate stock found by the court to have been fraudulently transferred to William Pickel. From that judgment defendants appealed to this court and ten-

dered an appeal bond in the sum of $20,000. Upon the filing of that bond the trial court, in addition to approving the bond and granting the appeal prayed for, modified its judgment so as to suspend the injunction prohibiting the sale of the corporate stock in controversy, and also enjoined plaintiff from suing out executions upon her judgments for maintenance and attorney's fees *pending the aforesaid appeal.*

The plaintiff then appealed from that part of the order granting the aforesaid appeal which suspended her injunction against the sale of the corporate stock so fraudulently transferred, as well as that part of said order which restrained her from suing out executions upon her judgments for maintenance and attorney's fees. The particular part of the said order from which the instant appeal is prosecuted reads as follows:

"And it appearing to the court that said appeal bond is sufficient to fully protect the rights of the plaintiff it is ordered, adjudged and decreed that that part of the decree entered herein on the 24th day of July, 1911, enjoining the defendants, and each of them, from transferring or assigning and from attempting to transfer or assign, and from delivering, hypothecating, mortgaging, pledging, or encumbering said stock or any portion thereof, or any certificate or certificates, thereof, and from setting up any claim thereto, or to any part thereof, of any kind, or character, against any execution which plaintiff may cause to be issued on said orders and judgments mentioned in paragraph one of the decree, or either of them, and levied upon the same, or upon any part thereof, and from obstructing or delaying, and from attempting to obstruct or to delay, by the filing of any notice, third-party claim, bonds, or other paper, or in any other manner or form whatsoever, any sale under any such execution which the plaintiff may cause to be levied on said stock, or on any part thereof, be and the same is hereby sus-

pended *pending the appeal herein, and that pending this appeal,* the plaintiff, her agents or attorneys, are hereby enjoined and restrained from levying any execution upon the property mentioned and described in the decree, heretofore entered, or upon any income or increase of said property, or from causing any execution to issue against the defendants in this case, and from causing any execution, fee bill, or other process based on the judgment, or orders, in favor of plaintiff and against defendant, Frederick J. Pickel, as mentioned in said decree and plaintiff's amended bill, to be levied upon any of the property mentioned and described in the decree, and from selling the same *so long as this cause is pending in any appellate court.*"

I. We are convinced that whatever merit (if any) this appeal may have possessed when taken there is now no cause for its consideration.

The order appealed from shows on its face that it was only to remain in force during the pendency of the appeal in the equity suit in which the aforesaid appeal bond was filed. If any injury resulted to plaintiff by the order appealed from, that injury is now at an end, because the appeal in the equity suit (during the pendency of which the order was to have force and effect) was disposed of on June 1, 1912, 243 Mo. 641, which renders the present appeal *functus officio.*

It is useless to consider and reverse or modify an order or judgment which has expired, and is dead by its own terms. We have quite too many live matters pressing upon us for consideration to warrant the "wasting of ammunition in shooting dead ducks." In State ex rel. Ashton v. Imel, 243 Mo. 174, it was held that a final judgment of this court sustaining the validity of a will renders nugatory all appeals from orders of the probate court pertaining to the appointment and duties of an administrator *pendente lite.*

In Wells v. Green, 159 U. S. 651, l. c. 653, it was said: "The duty of this court, as of every other ju-

dicial tribunal, is to decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it.''

The same rule of law is recognized in Kalbfell v. Wood, 193 Mo. 675, and in Cape Girardeau & Thebes Bridge Terminal Railroad Co. v. Bridge Co., 215 Mo. 286.

It is asserted by respondents, and not denied by appellant, that since the judgment obtained by plaintiff in the equity suit before mentioned was affirmed by this court said judgment has been complied with by the payment of the indebtedness which that suit was instituted to collect. The original judgment in this case (which appellant urged us to affirm, and which we did affirm) found and adjudged that defendant Frederick J. Pickel had fraudulently transferred to his father William Pickel, corporate stock aggregating in value about $10,000, for the purpose of defrauding plaintiff, his wife, of her claim for maintenance and attorney's fees. Said judgment also decreed that defendant William Pickel be permitted to retain the corporate stock so fraudulently transferred to him upon the execution of a bond in the sum of $10,000 whereby he would become obligated to plaintiff to pay her all moneys that may hereafter become due on said judgment against said Frederick J. Pickel for maintenance, and ''under such modification thereof of orders supplemental thereto as may be made from time to time by the court having jurisdiction of the cause wherein the same is entered.''

Upon the affirmance of said original judgment in the equity suit William Pickel did execute the aforesaid $10,000 bond to plaintiff, and that bond secures to her the payment of such additional sums as may hereafter become due under her decree for maintenance.

We have not overlooked the fact that in the reply brief filed by appellant's attorneys it is asserted that this appeal was consolidated with another cause pending in the St. Louis Court of Appeals wherein Ella M. Pickel is respondent, and Frederick J. Pickel is appellant (No. 13756). However, there is nothing before us to show that said causes were consolidated by the Court of Appeals. Among the numerous papers deposited with this appeal is a motion to consolidate filed by appellant in the Court of Appeals on January 28, 1913, but if any action was taken on that motion it nowhere appears in any record before us. The case wherein the plaintiff is appellant (No. 13181) is the only one which has been certified to us by the Court of Appeals, and the only one which has been docketed or considered.

For the reasons hereinbefore stated this appeal will be dismissed. It is so ordered.

*Walker, P. J.,* and *Faris, J.,* concur.